**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No.  99-51142

WALTER LEE JONES,

Defendant-Appellant,

versus

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

Appeal from the United States District Court
for the Western District of Texas
MO-91-CR-039 (01)

October 17, 2000

Before GARWOOD, HIGGINBOTHAM, and STEWART, Circuit Judges

CARL E. STEWART, Circuit Judge:*

Walter Lee Jones ("Jones") appeals from an order by the district court revoking his supervised

release and resentencing for the distribution of crack cocaine within 1,000 feet of a playground.

Jones claims that the trial court denied his right of confrontation at a hearing for revocation of his

supervised release.  Because we find that the district court denied Jones' Sixth Amendment

Confrontation Clause rights, we reverse the judgment and remand it to the district court for further

proceedings.

*Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

FACTUAL & PROCEDURAL HISTORY

After serving two years of supervised release for conspiracy to possess with intent to distribute crack co caine, Walter Lee Jones was indicted in 1999 for distribution of crack cocaine within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1) and 860. The Government subsequently moved to revoke Jones' supervised release. It presented Detect ive Leyton Fincher ("Fincher") of the Midland, Texas, Police Depart ment as a witness at the revocation hearing. Fincher's testimony forms the basis of this appeal.

Fincher testified that he prepared a police report on the basis of eyewitness accounts by several detectives and a confidential informant ("CI"). He also prepared the report using a tape that recorded the conversation between the CI and Jones in which Jones allegedly sold crack cocaine to him. Fincher's direct involvement in the incident was limited to submitting the substance received from Jones by the CI to the Drug Enforcement Agency ("DEA") laboratory in Dallas, Texas. The lab report, which indicated that the substance was crack cocaine (cocaine base) with a net weight of 6.3 grams, was admitted into evidence at the revocation hearing without objection.

During Fincher's testimony, defense counsel objected on the basis of hearsay and on the premise that Jones' Sixth Amendment right to confront and to cross examine the witnesses who actually viewed the alleged events was being violated. The district court overruled the objections and revoked Jones' supervised release solely because the ends of justice and the best interests of the public and of Jones were not being served by allowing him to remain on supervised release. The trial court sentenced Jones to 24 months' imprisonment, to run consecutively to any sentence received on the new drug charges, and he now appeals.

DISCUSSION

We review de novo constitutional challenges implicating the Confrontation Clause, but such challenges are also analyzed for harmless error. See United States v. McCormick, 54 F.3d 214, 219 (5th Cir. 1995). Although the Court stated in Morrisey v. Brewer that parole revocation hearings are subject to more flexible evidence rules than formal criminal trials, it held that a criminal defendant in such hearings is entitled to certain minimum due process requirements, including "the right to confront and cross-examine adverse witnesses" unless the hearing officer finds that there is good cause not to allow such confrontations. 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972).

In order to determine good cause, this Court has held that a hearing officer must balance the interest of the defendant "in confronting a particular witness against the government's good cause for denying it, particularly focusing on the 'indicia of reliability' of a given hearsay statement." United States v. Kindred, 918 F.2d 485, 486 (5th Cir. 1990)(quoting Farrish v. Mississippi State Parole Bd., 836 F.2d 969, 978 (5th Cir. 1988)). However, even in cases in which the hearing officer does not make such an explicit finding of good cause using a balancing test, the Fifth Circuit has held that a district court may make an implicit finding of good cause, if "the quality and extent of the documentary evidence" is sufficient to allow a review of its conclusions. McCormick, 54 F.3d at 220-21.

In the instant case, the trial court did not balance the interests of the parties and make a specific finding that there was good cause to deny Jones his right to confront the detectives and the CI who viewed the alleged incident. Similarly, we conclude that the district court made no implicit finding of good cause, as this case involves oral hearsay testimony of a witness who testified about events that were only told to him. This Court has only implied a finding of good cause by the district

3

court in cases which involved urinalysis reports of drug use because such reports have a high indicia of reliability. See McCormick, 54 F.3d at 223; see also Kindred, 918 F.2d at 487 (noting that urinalysis reports "'are the regular reports of a company whose business it is to conduct such tests,' and the government has an interest in minimizing the difficulty and expense of procuring witnesses for revocation hearings. Thus, '[i]n the absence of any evidence tending to contradict [the defendant's] drug usage or the accuracy of the lab tests, [the defendant's] confrontation rights were not infringed by the admission of [his probation officer's testimony] . . .'")(quoting United States v. Penn, 721 F.3d 762 (11th Cir. 1983)).

In contrast, this Circuit has held that a defendant's right to confront witnesses was violated when oral hearsay testimony was at issue. See, e.g., McBride v. Johnson, 118 F.3d 432, 438 (5th Cir. 1997); Williams v. Johnson, 171 F.3d 300 , 305-06 (5th Cir. 1999); Barnes v. Johnson, 184 F.3d 451, 456 (5th Cir. 1999); Farrish, 836 F.2d at 978. Moreover, this Court has stated that the hearsay contained in a urinalysis report is "ordinarily more reliable than oral hearsay statements."[1] Kindred, 918 F.2d at 487 n. 2; see also McCormick, 54 F.3d at 225 (stating that "we note at the outset that oral hearsay . . . is generally considered to be less reliable than a business record, such as the PharmChem urinalysis report"). Hence, the district court's failure to make a finding for good cause was not harmless error, since it ordered Jones' parole to be revoked on the basis of Fincher's testimony, and oral hearsay testimony cannot be the basis for an implicit finding of good cause to deny a

---

[1]Although the DEA lab report confirmed that the substance received by the CI was crack cocaine, the report sheds no light on whether Jones actually distributed the crack cocaine. Testimony by the detectives and CI who witnessed the alleged distribution may provide this missing link in the evidence.

4

defendant's Sixth Amendment rights.

<u>CONCLUSION</u>

Because we find that the district court erred in denying Jones' right to confront and to cross-examine adverse witnesses during his revocation hearing, we REVERSE the district court's order to grant the motion to revoke Jones' supervised release, and we REMAND for further proceedings. REVERSED AND REMANDED.